## SUPERIOR COURT.

### JOHN LIDDLE agt. JOHN M. THATCHER.

On the removal of a cause from the state court into the circuit court of the United States, where there is an *injunction*, the order for removal may provide that it (the order) shall not operate of itself, to *dissolve* the injunction.

Although there is no provision in the statute for *continuing* the injunction on such removal, as there is in cases of special bail and attachment, yet, the cause may be *remanded* to the state court; and whether the removal carries with it the injunction in full force or not, it is important that, in case the cause is remanded, it should come back in the same situation as when it left.

*Special Term, March,* 1856.

REMOVAL of cause to circuit court of the United States.

GEORGE C. GODDARD, *for plaintiff.*

CLARENCE A. SEWARD, *for defendant.*

HOFFMAN, Justice. The defendant has presented his petition for a removal of this cause into the circuit court of the United States, and has brought himself fully within the provisions of the statute to entitle him to the order. The plaintiff, however, asks that it be made part of the order, that the injunction granted in the cause do remain until it shall be dissolved by this court, or by the circuit court of the United States.

The statute is peremptory, that when its requisitions are complied with, the cause is removed by its own force, and it is the duty of the state court to proceed no further. All subsequent proceedings in it are void, as being *coram non judice.* (*Gorden* agt. *Longret,* 16 *Peters',* 97; *Kanouse* agt. *Martin,* 15 *Howard,* 198.) It would seem that any attempt to enforce the injunction would be unavailable.

Again: The statute provides for continuing the security of special bail, where special bail was originally requisite; and it also provides for the continuance of any attachment which has been issued in the state court, and that is to hold the goods in the same manner as it would have done, had the final judgment been rendered in the state court.

No provision is made for the continuance in force of any other preliminary or provisional remedy known in the state courts. Besides, the attachment is regarded in most states as the mode of commencing a suit.

To insert such a clause as is proposed, upon the hypothesis of the cause being properly removed, which is admitted to be the case here, would seem superfluous. But it may well be urged, that cases have been remanded from the circuit court; and in such instances it would seem anomalous that the process

Liddle agt. Thatcher.

should have lost its effect in the interval, when the case was wrongly removed.

In *Ward* agt. *Arendondo*, (1 *Paine, C. C. R.* 410,) for example, the cause was remanded—and in other instances. It must be that the cause comes back in the same position as when it was transferred. The party's rights would otherwise be greatly prejudiced.

There is another consideration. It may be that the cause, when removed, carries with it the injunction in full force. That the circuit court would recognize it as in existence. I speak of course with great hesitation upon this point. But the theory is, that the case goes to the circuit court in its actual position.

If it is urged that there is no provision for enforcing the injunction, the answer may be, that there is no provision for enforcing a state attachment. Yet, as the statute preserves it, the court must have some mode of making that preservation available.

I am inclined, therefore, to think that it may be made part of the order, that it shall not operate of itself to dissolve the injunction.

In case, then, the cause is remanded, the defendant would be liable for a violation in the interim. He is subject to that risk. In case the circuit court can hold the injunction transmitted with the action, the conclusion that the state court deemed it *ipso facto* dissolved, will be excluded. The defendant cannot be prejudiced by the clause.

Order accordingly.